UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILMA L. CREIGHTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 1:24-cv-520 |
| | ) |
| UNITED PARCEL SERVICE, INC., | ) |
| | ) |
| Defendant. | ) |

***COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF
AND DEMAND FOR JURY TRIAL***

Plaintiff Wilma L. Creighton (hereinafter "Creighton"), by her counsel, for her cause of action against Defendant United Parcel Service, Inc. (hereinafter "UPS"), states as follows:

### I.  FACTUAL ALLEGATIONS

1. Creighton is a resident of Indianapolis, Marion County, Indiana.

2. Creighton is a current employee of UPS. Creighton was first hired as a contract employee in the Fall of 2017 and was hired by UPS as a permanent employee on or about April 22, 2018. In mid-2022, UPS transferred Creighton to a position it called "Dispatch Associate" and assigned Creighton to work its night shift. At that time, Creighton was UPS's only night shift dispatcher working at its location at 5431 W. 81st Street, Indianapolis, Indiana 46268.

3. Creighton was born in the calendar year 1962.

4. At the end of 2022, UPS hired a second dispatcher to work the night shift with Creighton. Her name is Chasia Sutton. Ms. Sutton is believed to be in her thirties. She is between 20 and 30 years younger than Creighton. For an unexplained reason, UPS gave Ms. Sutton the job title "Senior Dispatch Associate." Creighton believes that UPS also hired Ms. Sutton to work at a higher hourly rate of pay than UPS paid to her. Ms. Sutton had no experience or other

qualification to justify the more advanced job title or higher rate of pay. Further, Ms. Sutton did not have as much job responsibility as UPS asked of Creighton in the dispatcher position. For unrelated reasons, Ms. Sutton was terminated in approximately June 2023.

5. In approximately August 2023, UPS hired a young woman named Kendall McCollum to work as a night shift dispatcher. Ms. McCollum is believed to be 28 years of age. She is more than 30 years younger than Creighton. Ms. McCollum, too, was immediately given a job title superior to Creighton's job title. Ms. McCollum was named "Senior Dispatch Associate." Creighton also learned that UPS started Ms. McCollum at a rate of pay that was higher than UPS paid Creighton. Creighton had significantly more experience, UPS years of service and far more job responsibilities than Ms. McCollum, but Ms. McCollum was given a more superior job title and paid at a higher rate. To be specific, Ms. McCollum's work experience before she was hired and given this higher ranking and higher pay position involved waiting tables and making deliveries for Door Dash. Ms. McCollum had no experience as a dispatcher.

6. Recognizing this pattern of age discrimination, Creighton made formal, written complaints of discrimination to her supervisor and to the UPS Ethics Hotline. Two times in a row, UPS hired a less qualified, less experienced, but much younger employee and gave the younger employee a superior job title - Senior Dispatch Associate - and a higher rate of pay. UPS itself and Creighton's supervisor took no action to correct the discrimination, to raise Creighton's pay or to give Creighton at least the same job title as the much younger (at least months before Creighton filed her formal EEOC Charge of Discrimination), less qualified coworker.

7. Creighton is pursuing a claim of age discrimination against UPS under the Age Discrimination in Employment Act. 29 USC § 621 et seq. Creighton is being discriminated against in her rate of pay and her job title because of her age. UPS is intentionally discriminating in favor of much younger, less qualified and less experienced employees. But for her age, 60 (at the time), Creighton would be paid at a higher rate and would have a more senior job title.

8. Creighton is seeking all available damages under the ADEA, including all back pay and benefits, promotion to the higher job title, equitable relief, injunctive relief, and payment of her attorney's fees, costs and expenses.

## II. JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 29 U.S.C. § 621 et seq.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because of the unlawful conduct alleged below was and is now being committed in the Southern District of Indiana.

## III. PARTIES

11. Creighton was domiciled in and a resident of Indianapolis, Marion County, Indiana at the time of the events which give rise to this cause of action.

12. UPS operates its facility from which it employed Creighton in Indianapolis, Marion County, Indiana.

## IV. ADMINISTRATIVE PROCEDURES

13. Creighton has complied with all of the administrative procedures that are conditions precedent to the filing of this lawsuit. Creighton filed her Charge of Discrimination alleging age discrimination in violation of the Age Discrimination in Employment Act with the

Equal Employment Opportunity Commission on November 27, 2023.  More than sixty (60) days have passed prior to his initiation of this lawsuit and Creighton has the right to file suit as a matter of right pursuant to 29 U.S.C. § 626(d).

### V.  AGE DISCRIMINATION CLAIM

14. Creighton alleges and incorporates herein paragraphs 1 - 13 above.

15. At all times relevant and material to the cause herein, Creighton was more than forty (40) years of age.

16. At all times relevant and material to the cause herein (2023 and 2022), UPS employed 20 or more employees in 20 or more calendar weeks.

17. That Creighton's age is and was the "but for" cause of UPS's adverse employment actions taken against Creighton, including the lower, discriminatory rate of hourly pay and the lower, less senior job title/position.

18. Creighton is and was certainly performing her job well enough to meet UPS's legitimate expectations.

19. As described above, UPS paid Creighton at a lower rate of pay and ranked Creighton at a lower job title/position because of her age and, instead, provided higher hourly pay and a higher ranked job title/position to two different significantly younger (each approximately 30 years younger) employees, both of whom were far less qualified and experienced than Creighton

20. As a result of UPS's discriminatory practices, Creighton has found it necessary to retain the services of an attorney and is therefore entitled to her reasonable attorney's fees in this matter.

21. As a direct and proximate result of UPS's conduct, Creighton has sustained

substantial economic losses, including past and future loss of wages, and other economic benefits. By way of this Complaint, for UPS's violations of the ADEA, Creighton is seeking all available damages, including, but not limited to, liquidated damages, back pay and benefits, permanent promotion to the Senior Dispatch Associate position, a pay raise and/or front pay and benefits, all of her attorney's fees, costs and expenses, and any other damages necessary to remedy UPS's violations of Creighton's rights under the ADEA.

## *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff Wilma L. Creighton respectfully requests that the Court enter judgment in her favor and against UPS, and award to Creighton all available damages and equitable relief, including, but not limited to, back pay and benefits, promotion to the Senior Dispatch Associate job title and position, a pay increase equal to that of her younger, less experienced dispatchers, if necessary, front pay and benefits, liquidated damages, attorney's fees, costs and expenses, together with any available pre-judgment interest, and any other relief which would make Creighton whole.

HASSLER KONDRAS MILLER LLP

By /s/Robert P. Kondras, Jr.
Robert P. Kondras, Jr.
Attorney No. 18038-84

100 Cherry Street
Terre Haute, Indiana 47807
(812)232-9691
kondras@hkmlawfirm.com

## *REQUEST FOR TRIAL BY JURY*

Comes now Plaintiff Wilma L. Creighton, by her counsel, and hereby requests a trial by jury, on all issues which may be tried to a jury.

HASSLER KONDRAS MILLER LLP

By /s/Robert P. Kondras, Jr.
   Robert P. Kondras, Jr.
   Attorney No. 18038-84

   100 Cherry Street
   Terre Haute, Indiana 47807
   (812)232-9691
   kondras@hkmlawfirm.com